UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

vs.                                                          CASE NO: 8:05-CR-365-T-27TBM

SERGIO PORTOCARRERO-REINA
ULPIANO MINA
BENITO MURILLO-CUERO
TEOFILO RENTERIA-BRAVO
LEONARDO ANCHICO-JIMENEZ
VIRGILIO CAICEDO
JOSE BELALCAZAR-VALLEALLA
RICHARD VALLECILLA-VELEZ
_____/

## TRIAL PROCEDURES ORDER

The following procedures are applicable to the trial in the above cause, scheduled for July 17, 2006, before the Honorable James D. Whittemore, United States District Judge:

1. The examination of witnesses shall be limited to direct examination, cross-examination and re-direct examination. See FED. R. EVID. 611.

2. In making objections, counsel making the objection shall stand and announce the legal basis for the objection without further argument. See Local Rule 5.03(b)(12). The responding attorney shall respond accordingly, giving only the legal basis for opposing the objection. Neither attorney shall make any other argument or comment in the presence of the jury other than at side bar conferences on the record, which conferences will be held, if necessary, to assist the Court in its ruling, upon the request of counsel or upon the Court's own directive. **All Defendants shall be deemed to have joined in all motions and objections. It is unnecessary, therefore, for counsel to "join in" a motion or objection. In the event a Defendant intends to opt out of a motion or objection, counsel shall so state on the record.**

3. <u>Jury Selection</u>: All prospective jurors initially seated will be examined by the Court. The Court will instruct the jury as to its responsibilities, the presumption of the innocence, and burden of proof. The Court will obtain from the jury panel the assurance that each juror will follow the law and instructions of the Court. After questions from and instructions by the Court, counsel will be given the opportunity to address the prospective jurors with questions not previously address by the Court.

3(a). Challenges: After questioning, the parties will exercise challenges outside the hearing of the jury panel. <u>The defendants shall select lead counsel to make challenges, after conferring with co-counsel, on behalf of all defendants.</u> The Court will first determine all challenges for cause. The Government, having the burden of proof, may challenge first, with the parties alternately challenging thereafter. Then Government shall be given ten (10) peremptory challenges, and the defendants twenty (20) peremptory challenges.

4. Generally, only brief opening statements should be made and counsel will be asked to inform the Court of their expected duration prior to trial.

5. Counsel will not take to the lectern, display to the jury, or read directly from depositions of witnesses or transcripts of trial testimony in argument to the jury without first having sought and obtained permission of the Court outside the presence of the jury, and counsel will not invite the jury to request that any or all of the testimony be read to them.

6. <u>Jury Instructions</u>: Defense counsel are directed to confer and submit one (1) set of consolidated proposed jury instructions on behalf of all Defendants. Proposed jury instructions on behalf of the Government and defense shall be filed with the Clerk of Court not later than the close of business on the last business day before commencement of trial. On the morning of trial, counsel are directed to provide chambers with the proposed instructions (as filed with the Clerk) on disk, in Wordperfect format.

6(a).   Each instruction shall have the Eleventh Circuit pattern title and respective instruction number at the top of the page. Any modifications to the pattern instructions shall be highlighted for easy reference. (i.e. changes to the pattern instruction may be italicized). If there are no modifications to the pattern instruction, counsel shall make the following notation at the bottom of the instruction: "No modification to the pattern instruction." If counsel submit any instructions which are not Eleventh Circuit pattern instructions, the authority for said instruction shall be noted at the bottom of the instruction and a copy of the authority/caselaw provided directly to chambers.

7.   <u>Verdict form</u>:   Counsel shall file a proposed verdict form with the Clerk of Court not later than the close of business on the last business day before commencement of trial. On the morning of trial, counsel are directed to provide chambers with the proposed verdict form (as filed with the Clerk) on disk, in Wordperfect format.

8.   <u>Trial Exhibits</u>:   All exhibits shall be pre-marked in accordance with Local Rule 3.07. <u>Defense counsel are directed to meet to compile and submit a consolidated trial exhibit list in order to eliminate duplicate exhibits and to allow for a clear record of exhibits entered into evidence.</u> Exhibit lists, the original and two copies, for both sides shall be provided to the Court, not later than commencement of voir dire. The exhibit list shall describe the exhibit sufficiently for the Court to identify it.[1]

8(a).   <u>Review of exhibits</u>:   Not later than close of business on the last business day before commencement of the trial term, the government and defense attorneys shall meet and review all proposed exhibits, including demonstrative exhibits. Copies of any exhibits requested shall be furnished to opposing counsel at that time if not previously furnished. Accordingly, during the

---

[1] Demonstrative exhibits shall also be listed on the exhibit list.

presentation of evidence, it shall not be required and counsel are directed not to "tender" any exhibit to opposing counsel for review in the presence of the jury. The exhibit shall be pre-marked for identification, tendered to the witness and after sufficient evidentiary predicate has been established, tendered to the Court and offered into evidence.

9. <u>Witness List</u>: Prior to the commencement of voir dire, counsel shall provide the Court with the original and two copies of their trial witness list, including all witnesses expected to be called, listing the full names of the witness and any professional designation applicable to that witness. The list should also, if necessary, include a phonetic spelling of the name.

10. <u>Expert Witnesses</u>: Counsel shall not "tender" expert witnesses to the Court in the presence of the jury.

11. Each attorney shall admonish their clients and office staff not to exhibit inappropriate behavior in the presence of the jury. Inappropriate conduct shall include but not be limited to facial gestures and audible comments.

12. The conduct of this trial shall be pursuant to and consistent with Local Rule 5.03, United States District Court for the Middle District of Florida, "Courtroom Decorum," other than as modified herein.

**DONE AND ORDERED** in Tampa, Florida this 6th day of July, 2006.

_____
JAMES D. WHITTEMORE
United States District Judge

Copies to:
Counsel of Record